IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONNA JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-0586-DGK-SSA |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Donna James' application for Supplemental Security Income under Title XVI of the Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of bilateral hammertoe contractures, fibromyalgia, and degenerative disk disease of the lumbar and cervical spine, but she retained the residual functional capacity to perform work as an office helper, routing clerk, and ticketer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her current application on January 18, 2012, alleging a disability onset date of November 9, 2009. The Commissioner denied the application at the initial claim level, and an

ALJ denied the application after a hearing. The Appeals Council subsequently remanded the case on April 14, 2015, for further proceedings before an ALJ.

On remand, the ALJ held a hearing and on January 29, 2016, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 17, 2017, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Two by failing to find that she had severe mental impairments of major depressive disorder, generalized anxiety disorder, and panic disorder without agoraphobia. Plaintiff notes the standard of proof for a severe impairment is low, and she contends she met it. She contends this portion of the ALJ's decision is not supported by substantial evidence.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing she had: (1) a "medically determinable" impairment or combination of impairments which (2) significantly limited her physical or mental ability to perform basic work activities without regard to age, education, or work experience, for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments did not more than minimally limit her ability to perform basic mental work activities during the relevant period. The ALJ analyzed Plaintiff's depression using the regulations' "special technique" for evaluating mental impairments which consider the claimant's degree of functional limitation in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. R. at 17-18; 20 C.F.R. § 416.920a. The ALJ found Plaintiff had only mild limitations in the first three areas and no episodes of decompensation, thus her

---

of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Case 4:17-cv-00586-DGK    Document 13    Filed 05/23/18    Page 3 of 4

depression was non-severe.  R. at 17-18; 20 C.F.R. § 416.920a(d)(1) ("If we rate the degree of your functional limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities (see § 416.921).").

The record supports these findings and the ALJ's conclusions.  The Court will not go into all the evidence but, as an example, in the area of activities of daily living, the ALJ noted Plaintiff performed her own self-care tasks as well as caring for pets and performing common household chores.  R. at 18, 347-50, 522.  Plaintiff also reported that her mother was fairly dependent on her for tasks such as taking her to the doctor and running errands.  R. at 18, 348.  The ALJ found that any limitations Plaintiff had in this area appeared to be more attributable to her physical impairments rather than any mental impairment.  On this record, the Court cannot say the ALJ erred.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   May 23, 2018          /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT